•By the Court.
This was an election contest originating in the court of common pleas of Jefferson county in which James M. Priest, who was a *200 candidate for the office of county commissioner of said county at the general election in November, 1914, gave notice of appeal from the declaration of the board of deputy state supervisors of elections declaring Fremont Tarr elected to that office, Tarr, as determined by the board, having received 4,973 votes and Priest 4,970 votes. In his notice of appeal the contestor claimed, “That in the precinct of Warren, votes were counted for the said Fremont Tarr which should have been counted for the undersigned, James Priest; that the said James Priest, in said precinct, received more votes than were counted to his credit, and that in said precinct, the said Fremont Tarr did not receive as many votes as were counted to his credit.” The same claim, in the identical language, was made as to each of the other sixty-seven voting precincts of the county, and is set forth in as many separate paragraphs in the notice. These were the grounds upon.which the contest was made. Upon submission of the matter in the court of common pleas the contestor moved that all of the ballots cast at the election be brought into court, opened and recounted, and all errors in counting the same, pertaining to the contestor and contestee as candidates for the office of county commissioner, be corrected according to law.
The testimony of one of the clerks of election in Warren precinct tended to show that there had been an error in the counting of two votes for county commissioner as between the contestor and contestee in that precinct, and upon examination of the talley-sheets and abstract of votes it appeared *201 that in that precinct and also in Toronto precinct No. 1 the clerks of election had made an error in making up their summary of the votes cast for the contestor and contestee. Thereupon the court ordered that the ballots of these two precincts be opened in court during the trial and that the ballots be examined with reference to these errors. Upon a recount of the ballots it appeared that errors had been made in the count in these two precincts and that there was a slight difference between the count as reported by the board of deputy state supervisors and the recount, but the court of common pleas found that said mistakes were not prejudicial to the contestor. There being no evidence tending to show mistakes, errors or irregularities as to the remaining precincts, the court refused to order the ballots cast in those precincts opened for inspection and thereupon dismissed the appeal at the costs of the 'contestor. Error was prosecuted to the court of appeals and the judgment of the court of common pleas was reversed, the basis of the judgment of reversal being that there was error to the prejudice of the contestor in the refusal of the court of common pleas to order a recount of all the ballots cast in each of the precincts of Jefferson county for the contestor and contestee. Plaintiff in error is here asking for a reversal of the judgment of the court of appeals and an affirmance of that of the court of common pleas.
Section 5090-1', General Code (103 O. L., 265), prior to the amendment of May 5, 1915 (106 O. L., 209), provided, among other things: “In all cases of. contested elections, the parties contest *202 ing the same shall have the right to have said ballots opened and to have all errors in counting corrected by the court or body' trying such contest, but such ballots shall be opened only in open court or in open session of such body and in the presence of the officers having the custody thereof.”
In the opinion of the trial court there were probable errors in the count of certain ballots in Warren township and in the talley-sheets of that township and in Toronto precinct No. 1, but no evidence of any kind was introduced proving or tending to prove that any errors, irregularities or mistakes had been committed in any of the other voting precincts of the county.
We do not think it was the intention of the legislature, in the enactment of the provision of Section S090-1 which we have quoted, that the ballots should be used as original evidence for the purpose of discovering errors. Assuming that the grounds of contest set out in the notice of appeal were stated with sufficient definiteness, if, upon the trial before the court, there had been evidence tending to show that errors had been committed in any precinct the court was with authority to order a recount of the ballots in that precinct and have such errors as might be found corrected. In the absence of such evidence the court was without authority to act. We conclude, therefore, that the court of common pleas was correct in its refusal to order the ballots in the precincts other than Warren and Toronto No. 1 opened and recounted.
We have considered the other assignments in the petition in error prosecuted before the court of ap *203 peals, presumably found by that court not to have been well taken, and are of the opinion that there was no error committed by the court of common pleas prejudicial to the contestor.

Judgment of the court of appeals reversed and that of the court of common pleas affirmed.

Nichols, C. J., Johnson, Donahue, Wanamakee, Newman, Jones and Matthias, JJ., concur.